UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES M. STREDWICK, | ) |
| | ) No. CV-10-5035-JPH |
| Plaintiff, | ) |
| | ) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on February 25, 2011 (Ct. Rec. 11, 13). Attorney Randy J. Fair represents plaintiff. Special Assistant United States Attorney Lisa Goldoftas represents the Commissioner of Social Security (Commissioner). The parties have consented to proceed before a magistrate judge (Ct. Rec. 3). After reviewing the administrative record and the briefs filed by the parties, the court **grants** defendant's motion for summary judgment (**Ct. Rec. 13**) and **denies** plaintiff's motion for summary judgment (Ct. Rec. 11).

**JURISDICTION**

Plaintiff protectively filed concurrent applications for disability insurance benefits (DIB) and supplemental security income benefits (SSI) on May 2, 2005, alleging onset as of April 29, 2005 (Tr. 59-63, 67, 219-221). The applications were denied

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 1 -

initially and on reconsideration (Tr. 25-26, 29-32, 215-216).

At a hearing before Administrative Law Judge (ALJ) Richard A. Say on October 1, 2007, plaintiff, represented by counsel, and a vocational expert (VE) testified (Tr. 228-249). On October 25, 2007, the ALJ issued an unfavorable decision (Tr. 12-21). The Appeals Council denied Mr. Stredwick's request for review on March 4, 2010 (Tr. 4-6). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on March 25, 2010 (Ct. Rec. 1).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are briefly summarized here.

Plaintiff was 50 years old at onset and 52 at the hearing (Tr. 229, 233). He has a high school education and has worked as a pipe fitter. Mr. Stredwick last worked in April 2005 (Tr. 67, 70, 235). When he applied for benefits plaintiff lived with his mother. She cooked and cleaned (Tr. 85). At the hearing Mr. Stredwick testified his mother died and he lived with his girlfriend (Tr. 234). His activities include watching television, driving, shopping, feeding and playing with his cat, reading, washing dishes, and occasionally cooking (Tr. 83-84, 86-87, 236-237). He is able to lift 30 pounds, sit for an hour, and stand and walk for 10-15 minutes (Tr. 237-238). He had pain in both knees at the hearing (Tr. 244).

///

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed

impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity ("RFC") assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. *Hoffman v. Heckler*, 785 F.3d 1423, 1425 (9th Cir. 1986). The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which

plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (1999).

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett,* 180 F.3d at 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to

resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

The ALJ found plaintiff was insured through October 12, 1954[1] (Tr. 12, 14), which is incorrect. SSI records show Mr. Stredwick's last insured date for DIB purposes is December 31, 2008 (Tr. 80). At step one the ALJ found plaintiff did not engage in SGA after onset (Tr. 14). At steps two and three, he found plaintiff suffers from the medically determinable impairments of degenerative joint disease of the right hip, status post hip replacement, degenerative disk disease (DDD) of the lumbar region of the spine, degenerative joint disease (DJD) of the right knee and status post pituitary resection with ongoing treatment, impairments that are severe but that do not meet or medically equal the severity of the

---

[1] The ALJ mistakenly lists plaintiff's birthday as his last insured date (*see, e.g.*, Tr. 98).

Listings (Tr. 14-15). The ALJ assessed an RFC for a range of light work (Tr. 15). He found plaintiff less than fully credible (Tr. 17). At step four, ALJ Say found plaintiff is unable to perform his past work (Tr. 19, 245). At step five, relying on the VE's testimony, he found Mr. Stredwick can work as a photograph finisher, small products assembler, and seedling sorter (Tr. 20-21, 246-247). Accordingly, at step five the ALJ found plaintiff is not disabled as defined by the Social Security Act (Tr. 21).

**ISSUES**

Plaintiff contends the Commissioner erred when he weighed the medical evidence, namely, the opinion of treating doctor Christopher Kontogianis, M.D., assessed credibility, and made his step five findings (Ct. Rec. 12 at 5, 8-15). Asserting the ALJ's decision is supported by substantial evidence and free of legal error, the Commissioner asks the Court to affirm (Ct. Rec. 14 at 4).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 7 -

1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1035, 1042-43 (9th Cir. 1995).

*Lumbar DDD*. In May 2005, treating surgeon Christopher

Kontogianis, M.D., observes tests show some narrowing at L5/S1 and degenerative changes "but nothing that would require any specific intervention at this time" (Tr. 155).

*Right hip*. On August 3, 2005, plaintiff was hospitalized for and underwent right hip replacement. On August 9, 2005, he was discharged home (Tr. 144). On August 26, 2005, about three weeks after surgery, Dr. Kontogianis opined that, by April, plaintiff would probably be able to alternate sitting and standing. He might always require an assistive device, and he will always have restricted motion in the right hip (Tr. 153).

*Knee problems*. In November 2005, Dr. Kontogianis notes [three months after surgery] plaintiff has no pain or complications following hip replacement, but is having left knee problems (Tr. 162)[It appears the doctor meant right knee; see *supra*.] A right knee MRI in February 2006 revealed a small tear in the lateral meniscus. Dr. Kontogianis opined immediate surgical intervention was not required. Plaintiff elected to "follow a course of observation" (Tr. 205). As of the hearing plaintiff had not had this surgery.

Also in February 2006, Dr. Kontogianis opined plaintiff has been unable to perform any gainful employment, especially the type of work that would be performed by a pipe fitter, since mid-April 2005 (Tr. 208).

By April 2006, five to seven days a week plaintiff performs cardiovascular and strength training workouts for an hour (Tr. 194), according to the records of a treating ARNP.

In June 2006, Dr. Kontogianis opined plaintiff would be able to perform sedentary work once treatment was complete (Tr. 211).

He lists as permanent restrictions no ladders, stairs, squatting, or prolonged standing, and limited carrying and lifting (Id). By October 27, 2006, Dr. Kontogianis observes plaintiff walks with a normal gait and range of motion is "excellent" (Tr. 207). Mr. Stredwick is instructed to return next year.

On October 1, 2007, plaintiff took three prescribed medications, all related to post (1990) pituitary gland surgery (Tr. 184, 214, 235).

The Commissioner asserts the ALJ's reasons for rejecting Dr. Kontogianis's contradicted opinion are specific and supported by the evidence: the three opinions plaintiff cites are contradicted by the doctor's own examination results, and they are inconsistent with the rest of the evidence (Ct. Rec. 14 at 9). Plaintiff asserts because they are the treating physician's opinions, the ALJ should have credited them.

While plaintiff is correct that the opinion of a treating physician generally is entitled to the greatest weight, such opinions are not binding as to either the existence of an impairment or the ultimate disability determination. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

To further aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found him less than fully credible (Tr. 17). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility

determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Several of the ALJ's reasons include: (1) plaintiff's health problems did not appear severe enough to motivate him to consistently seek treatment; (2) his complaints appear to be adequately controlled by medication; (3) he has undergone conservative treatment for allegedly disabling back and right knee pain, and (4) his daily activities are inconsistent with allegedly disabling limitations (Tr. 17-18).

*Lack of consistent treatment*. The ALJ is correct. Plaintiff obtained very little medical treatment from onset through the date of the decision, other than with respect to hip surgery and follow up lasting less than 12 twelve months. Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

1    *Symptoms controlled by medication*. Plaintiff has taken
2    medications for many years following pituitary gland surgery in
3    1990. He testified these drugs cause problems on the job. Yet,
4    plaintiff worked during nearly the entire time he took these
5    medications, and failed to consistently complain about side
6    effects to treating sources. Symptoms effectively controlled by
7    medication are not disabling. *Warre v. Commissioner of Social Sec.*
8    *Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Similarly,
9    inconsistent statements diminish a claimant's credibility. *See*
10   *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002).

11   *Conservative medical treatment*. Plaintiff has received
12   conservative treatment for both lumbar and right knee problems.
13   Conservative treatment is "sufficient to discount a claimant's
14   testimony regarding severity of an impairment." *Parra v. Astrue*,
15   481 F.3d 742, 750-751 (9th Cir. 2007).

16   *Activities*. Plaintiff's activities are inconsistent with
17   claimed disabling impairments. *See Thomas*, 278 F.3d at 958-959.

18   The ALJ's reasons for finding plaintiff less than fully
19   credible are clear, convincing, and fully supported by the record.
20   *See Thomas*, 278 F.3d at 958-959.

21   The ALJ gave several reasons for rejecting some of Dr.
22   Kontogianis's contradicted opinions. With respect to his February
23   14, 2006, statement that plaintiff was unable to be employed,
24   "especially [in] the type of work that would be performed by a
25   pipe fitter," the ALJ agreed plaintiff is unable to perform his
26   past relevant work. On June 27, 2006, the surgeon limited
27   plaintiff to sedentary work, a term not defined on the form. In
28   fact, the limits specified are consistent with the ALJ's assessed

RFC. Finally, the February 13, 2007, opinion was inconsistent with other substantial evidence, including Dr. Kontogianis's own observations and findings (Tr. 19), and did not reflect maximum improvement.

The ALJ acted in accordance with his responsibility to determine the credibility of medical evidence, and he gave specific, legitimate reasons for discrediting particular opinions. *See Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir 1992); *Magallanes v. Bowen*, 881 F.2d 747, 751-752 (9th Cir. 1989).

The ALJ properly weighed the medical evidence and plaintiff's credibility.

**B. Step five**

Plaintiff asserts the ALJ erred when he found Mr. Stredwick is able to perform light, rather than sedentary, work. If the ALJ assessed an RFC for sedentary work, plaintiff's argument continues, he would be found disabled based his RFC and age under the Grids.

As indicated, the ALJ properly weighed the medical evidence and assessed plaintiff's credibility, including his assessment of plaintiff's RFC. Since the ALJ's assessed RFC is without error, it is irrelevant what result would obtain if the RFC assessment differed. The ALJ's step five finding is supported by the evidence and free of legal error.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in

determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The ALJ's assessment of the evidence is fully supported by the record and free of legal error.

## CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 13)** is **granted.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 11)** is **denied.**

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant, and **CLOSE** this file.

DATED this 16th day of February, 2011.

                                                s/ James P. Hutton
                                                 JAMES P. HUTTON
                                    UNITED STATES MAGISTRATE JUDGE